**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>Petitioner,<br><br>v.<br><br>FEDERAL MEDICAL CENTER DEVENS, et al.,<br><br>Respondents. | Civ. No. 25-11932 (RMB)<br><br>**OPINION** |

**RENÉE MARIE BUMB,** Chief United States District Judge

This matter comes before the Court upon Petitioner David C. Lettieri's Amended Petition for Writ under 28 U.S.C. 1651. Dkt. No. 2 ("Amended Petition"). Petitioner is a federal prisoner confined in the Federal Medical Center Devens, in Devens, Massachusetts. (Petition at 1.) The Respondents to the Amended Petition are Federal Medical Center Devens, Federal Medical Center Devens Mailroom, and Federal Medical Center Devens Mailroom C.O. [correction officer]. (*Id.*) For the reasons discussed below, the Court will construe the Amended Petition as a complaint under 42 U.S.C. § 1983, and dismiss it with prejudice pursuant 28 U.S.C. § 1915A(b)(1).

## I. THE AMENDED PETITION

Petitioner alleges this matter arises out of "an issue with the matter that was

sent on April 2, 2025 for case number 24-cv-832. It was received on April 15, 2025." (Amended Petition at 1.) He alleges that Respondents interfered with his mail sent to this Court in *Lettieri v. TD Bank*, Civil Action 24-832 (RMB) (D.N.J.) ("Civil Action 24-832") in violation of 18 U.S.C. §§ 1701, 1702 (obstruction of mails and correspondence). (*Id.* at 2-3.) He further asserts that Respondents violated his right to access the courts. Petitioner, however, seeks relief unrelated to his claims, 30 days off "the illegal sentence" and one year off "the illegal supervised release[]." (*Id.*) The Court construes the Amended Petition as a civil action asserting First Amendment claims against federal actors for injunctive relief under 28 U.S.C. § 1331. 28 U.S.C. § 1915A(b)(1) provides:

> (a) Screening.--The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) Grounds for dismissal.--On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

The Court takes judicial notice under Fed. R. Evid. 201(b) that in Civil Action 24-832 Petitioner sued TD Bank based on his failed attempt to obtain funds from his grandfather's deposit account after his grandfather's death. Civil Action 24-832, Dkt. No. 4, Amended Complaint. There is a letter on the docket from Plaintiff, received on April 21, 2025, with an envelope post-marked April 1, 2025. *Id.*, Dkt. No. 20.

The letter opposes the defendants' Application for Clerk's Order Extending Time to Answer, a request that is granted as a matter of course when appropriate under Local Civil Rule 6.1(b). *Id.* This appears to be the delayed letter of which Petitioner complains. In any event, Civil Action 24-832 was resolved by Plaintiff's Stipulation of Dismissal with Prejudice on April 23, 2026. Civ. Action 24-832, Dkt. No. 68. Plaintiff appealed to the Third Circuit, but his appeal was dismissed for failure to prosecute. *Id.*, Dkt. No. 74.

## II. DISCUSSION

The All Writs Act, 28 U.S.C. § 1651(a), under which Petitioner purports to proceed, provides:

> The Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law.

"[E]xtraordinary writs cannot be used as substitutes for appeals . . ." *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953). Moreover, the remedy Petitioner seeks for alleged interference with his mail to the Court, time off his sentence, is totally unrelated to Civil Action 24-832. Petitioner's First Amendment claims against federal actors here are frivolous, no matter how the Court construes the pleading, adding to the numerous frivolous pleadings filed by Petitioner. *See Lettieri v. Facebook*, No. 24-CV-00873-HSG, 2024 WL 3907038, at *2 (N.D. Cal. Aug. 19, 2024) (noting Plaintiff's prefiling injunctions and three strikes under 28 U.S.C. § 1915(g)).

## III. CONCLUSION

Based on the foregoing reasons, the Court construes the Amended Petition as a complaint against federal actors seeking injunctive relief under 28 U.S.C. § 1331 for interfering with his legal mail and depriving him of access to the courts in violation of the First Amendment, and dismisses the Amended Complaint with prejudice under 28 U.S.C. § 1915A(b)(1) as frivolous.

An appropriate Order follows.

Dated: **August 12, 2026**

s/Renée Marie Bumb
RENÉE MARIE BUMB
Chief United States District Judge